The opinion of the Court was delivered by
Muetro, J.
In Tattock vs. Karris, 3 T. E. 180, Buller, J., puts this case: “ Suppose A. owes B. one hundred pounds and B. owes C. one hundred pounds, and it is agreed between them, that A. shall pay C. the one hundred pounds. B.’s debt is extinguished, and C. may recover that sum against A.” And in Izard vs. Douglas, 1 H. Black. 239, A. being indebted to B., and B. indebted to C. gives an order to A. to pay to C. the sum due to him from A.; the order was accepted by A. and on his refusal to comply with the order, C. may maintain an action for money had and received against him. Gould, J., said: “The case is like that of a man having money due me in his. hands, which I order him to pay to another. Now if I pay money to you for another person, it is money had and received by you to his use. But where is the real and substantial difference, whether I in fact pay money to you for a third person, or whether I give you an order to pay so much money to which you expressly assent. In reason and sound law, it is money had and received to the use of such third person. If my debtor tenders me money, which I give back to him, and tell him to pay it to another, he then in point of fact receives money to the use of the other. But is there any difference between such a case, and the present.” See also Chitty on Contracts, 532, where the whole doctrine is discussed, and the authorities cited.
Nay, so far have Courts of law gone in maintaining equitable assignments, that they have held, when an order is drawn on a particular fund, that, after notice to the drawee, *276 it binds the fund in his hands. Robbins vs. Bunscome, 3 Greenleaf, 546; 5 Wheaton, 277.
Let us apply the principle to the case in hand. As the defendant’s agency has not been controverted; suppose, that instead of directing the amount which was due to his principal by Solomons, to be transferred to his own credit, he had drawn the fund out of Solomons’ hands, and paid it back to him in part payment of his own debt ? As the authorized agent of his mother, it was entirely competent for him to have done so; and where it may be asked is the difference between his receiving the money himself, and paying it back to his creditor, and directing its appropriation by the debtor of his principal, either to the payment of his own debt, or to any other .purpose.
All that was necessary to constitute a legal transfer of the debt, was the direction fox its appropriation by the creditor, and the assent of the debtor; the moment the latter assented to it, the transfer was complete; and neither the omission, or neglect of the debtor, to enter the transfer in his books, could operate to defeat an arrangement, that had been dictated by the creditor, and assented to by himself.
It is beyond all controversy then, that by the operation of the agreement between Solomons, and the defendant, acting as the lawfully constituted agent of his mother, the interest of the latter in the fund in question was extinguished, and became completely vested in the defendant; and it was quite immaterial, so far as- concerned the validity of the transfer, whether a formal entering of the transaction had ever been made in the books of Solomons or not.
The plaintiff is therefore directed to enter a remittitur on the record for so much as the verdict exceeds seventy-one dollars and thirteen cents, the amount admitted to be due by-the defendant; and on this being done, the motion is dismissed; but if he should neglect, or refuse to enter such *277 remittitur on or before tbe first day of March, next, then the motion is granted.
O’Neall, Wardlaw, Withers, and Whitner, JJ., concurred.

Motion granted.